[Cite as *State v. Mathews*, 2019-Ohio-4952.]

THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

      Plaintiff-Appellee,             :

                                        No. 19AP-105

v.                                               :       (C.P.C. No. 18CR-639)

Andraus D. Mathews,                             :       (REGULAR CALENDAR)

      Defendant-Appellant.           :

---

D E C I S I O N

Rendered on December 3, 2019

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee. **Argued:** *Barbara A. Farnbacher.*

**On brief:** *Yeura R. Venters*, Public Defender, and *Ian J. Jones*, for appellant. **Argued:** *Ian J. Jones.*

---

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, Andraus D. Mathews, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas pursuant to his no contest plea to all six counts of a six-count indictment following the trial court's denial of his motion to suppress. Because the trial court did not err in denying appellant's motion to suppress, we affirm.

## I. Facts and Procedural History

{¶ 2} On the morning of May 18, 2017, the U.S. Marshall's Service entered an apartment on Ironwood Court in Columbus, Ohio in search of a wanted felon. Four individuals were found inside the apartment, including appellant. There was a smell of

marijuana, and narcotics and paraphernalia were in plain view inside the residence. The U.S. Marshall's Service contacted the Franklin County Sheriff's "Special Investigations Unit" ("SIU") to come to the scene, take over and process the suspects found inside the apartment.

{¶ 3} Detective Mark Edwards, Jr. and Detective James Jodrey of the Franklin County Sheriff's SIU were called to report to the scene and assist in interviewing those found inside the residence. Detective Edwards primarily conducted the interview of appellant, which took place in the front seat of Detective Edwards' police vehicle parked a short distance from the apartment. Detective Jodrey was secondarily involved in that he occasionally spoke to appellant through the open passenger-side window of the vehicle.

{¶ 4} At the outset of the interview, Detective Edwards gave appellant *Miranda* warnings. Upon being questioned, appellant told Detective Edwards that he had completed 12th grade, that his grades included A's and B's, that he had no difficulty reading and writing, and that he had smoked a "couple joints" of "weed" the previous day. Approximately half way through the roughly 56 minute interview, appellant made an incriminating statement that "the dope is mine." (R. 63 at 2) At the end of the interview Detective Edwards obtained appellant's signature on a constitutional rights waiver form.

{¶ 5} As a result of the foregoing events, on February 9, 2018, a Franklin County Grand Jury issued a six-count indictment charging appellant with trafficking in cocaine, a first-degree felony, in violation of R.C. 2925.03; possession of cocaine, a first-degree felony, in violation of R.C. 2925.11; trafficking in heroin, a second-degree felony, in violation of R.C. 2925.03; possession of heroin, a second-degree felony, in violation of R.C. 2925.11; aggravated trafficking in drugs, with a one-year firearm specification, a third-degree felony, in violation of R.C. 2925.03; and aggravated possession of drugs, with a one-year firearm specification, a third-degree felony, in violation of R.C. 2925.11. [R. 3] Appellant entered a not guilty plea to the charges.

{¶ 6} Subsequently, on September 17, 2018, appellant filed a "Motion to Suppress Statements." On October 12, 2018, the trial court held an evidentiary hearing on the motion. At the hearing, the trial court indicated that it had listened to the audio recording of the interview of appellant prior to the hearing. The parties stipulated to the admission of the audio recording as well as a photograph of appellant seated in the front seat of the

detective's vehicle at the time of the interview. Appellant's signed constitutional rights waiver was also admitted into evidence. Detectives Edwards and Jodrey each testified. Appellant did not testify.

{¶ 7} Following the hearing, on October 29, 2018, the trial court issued its decision and entry denying appellant's "Motion to Suppress Statements" wherein the trial court found that appellant's statements were voluntary and that the detectives did not engage in any overbearing conduct, did not do anything that was coercive, and did not do anything that otherwise violated the due process clauses of either the Ohio or United States Constitutions.

{¶ 8} Ultimately, on February 4, 2019, the trial court accepted appellant's pleas of no contest to all six counts of the indictment and found appellant guilty of all charges. The trial court sentenced him accordingly. This appeal followed.

## II. Assignments of Error

{¶ 9} Appellant assigns the following errors:

> [1.] The trial court erred by overruling appellant's motion to suppress based on factual findings unsupported by competent, credible evidence.
>
> [2.] The trial court erred in denying appellant's motion to suppress evidence, as the police overreached by using inherently coercive tactics to induce an involuntary confession from appellant.

{¶ 10} We address the assignments of error together.

## III. Law and Analysis

{¶ 11} In his motion to suppress statements filed below, appellant asserted that the statements he made during his interrogation interview with the SIU detectives were involuntary despite having been given *Miranda* warnings. More specifically, he argued that he made those statements involuntarily as the result of police overreaching by the use of coercive tactics. The trial court denied the motion, concluding that there was nothing in the audiotaped interview of appellant suggesting improper police coercion. Appellant contends that the denial was erroneous. We disagree.

{¶ 12} " 'Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier

of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. ' " (Citations omitted.) *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, ¶ 100, quoting *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. Thus, we review de novo the application of the law to the factual findings of the trial court. *Burnside* at ¶ 8.

{¶ 13} When a defendant challenges a confession as being involuntary despite having been provided with *Miranda* warnings, the state must prove a knowing, intelligent, and voluntary waiver by a preponderance of the evidence. *State v. Belton*, 149 Ohio St.3d 165, 2016-Ohio-1581, ¶ 107. " 'An express written or oral statement of waiver of the right to remain silent or of the right to counsel is usually strong proof of the validity of that waiver .' " *Id.* at ¶ 106, quoting *North Carolina v. Butler*, 441 U.S. 369, 373 (1979).

{¶ 14} Furthermore, absent evidence of coercive police conduct, a defendant's statement to the police is considered voluntary. *State v. Quintero,* 10th Dist. No. 18AP-102, 2018-Ohio-5145, ¶ 32, citing *Colorado v. Spring*, 479 U.S. 564, 574 (1987). "The critical question is whether the defendant's will to resist was overborne by coercive police conduct to produce a confession not freely self-determined." *Id.*, citing *State v. Dailey*, 53 Ohio St.3d 88 (1990), paragraph two of the syllabus.

{¶ 15} In deciding whether a defendant's pretrial statements were involuntarily induced, a court considers the totality of the circumstances. *State v. Sapp*, 105 Ohio St.3d 104, 2004-Ohio-7008, ¶ 82. The "totality of the circumstances" includes "the age, mentality, and prior criminal experience of the accused; the length, intensity and frequency of the interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement." (Citations omitted.) *State v. Frazier*, 115 Ohio St.3d 139, 2007-Ohio-5048, ¶ 112 However, " 'police overreaching' is a prerequisite to a finding of involuntariness. Evidence of use by the interrogators of an inherently coercive tactic (e.g., physical abuse, threats, deprivation of food, medical treatment, or sleep) will trigger the totality of the circumstances analysis." *Sapp* at ¶117, quoting *State v. Clark*, 38 Ohio St.3d 252, 261 (1988); *State v. Treesh*, 90 Ohio St.3d 460, 472 (2001). Thus,

appellant must first demonstrate that the detectives used an inherently coercive tactic before the court must address the totality of the circumstances. *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, ¶ 71; *State v. Underdown*, 10th Dist. No. 06AP-676, 2007-Ohio-1814, ¶ 12.

{¶ 16} A court may find coercion when law-enforcement personnel "persuade or deceive the accused, with false promises or information, into relinquishing his rights and responding to questions." *Belton* at ¶ 111, quoting *State v. Edwards,* 49 Ohio St.2d 31, 39 (1976). "However, 'the presence of promises does not as a matter of law, render a confession involuntary.' " *Id.*, citing *Edwards* at 41. Further, "it is not unduly coercive for a law-enforcement officer to mention potential punishments." (Citation omitted.) *Id.*

{¶ 17} In the trial court, appellant alleged that the SIU detectives engaged in coercive tactics by making promises to appellant which included that if he cooperated he would not go to jail, that "no one will know what he says," and that "two reports" could be made to keep him out of jail. (R. 45 at 2) On appeal, appellant expounds upon the foregoing assertion by arguing that the detectives' alleged promise that if appellant cooperated he would not go to jail "today" (October 12, 2018 Tr. at 38.), coupled with the threat that if he did not cooperate he would be facing an 11-year prison sentence, rises to the level of coercive tactics so as to invalidate his statements as being involuntary. Appellant further argues that the trial court's factual findings regarding the alleged promises and threat were not supported by competent, credible evidence. Appellant's arguments lack merit as explained as follows.

{¶ 18} First, the record shows the parties stipulated to the admission of the audio recording of the interview of appellant by the SIU detectives and that the trial court listened to it prior to the hearing on the motion. Accordingly, there can be no dispute about what was said by either the detectives or appellant during the interview. Further, both of the detectives involved with the interview of appellant testified at the hearing and were subject to cross-examination by counsel for appellant. Each of the detectives was questioned by counsel for both parties as to what was meant by use of the phrase "I promise you" *Id.* at 60, and the word "cooperate." *Id.* at 61 Testimony was further elicited on the subjects of what was meant by the discussion of possibly preparing two police reports based on information offered by appellant as well as how the reference to a

possible eleven-year prison sentence arose. Further, both detectives testified that appellant did not appear to be in any physical discomfort or under duress. As noted previously, in reviewing a decision of the trial court on a motion to suppress, it is the trial court that is in the best position to resolve factual questions and evaluate the credibility of witnesses. Pursuant to this deferential standard of review and our own review of the evidence in the record, we find that the trial court's factual findings are supported by competent, credible evidence. Accordingly, appellant's first assignment of error is overruled.

{¶ 19} Second, contrary to the contention of appellant, at no point did either of the SIU detectives make a promise to him that if he were to cooperate, he would not be prosecuted. The statements relied upon by appellant for this contention are (at 22:55 and 23:00 of the Joint Exhibit) respectively, as follows: "[i]f you cooperate, I promise you I'll put a platter of information together, I'll work a case and it won't be on you" and "I promise I'll put a case together and if you cooperate it won't be on you." As the trial court found, the evidence shows that the foregoing comments, made to appellant regarding cooperation potentially keeping him from going to jail *that day*, were made in the broader context of the discussion about appellant potentially providing information regarding the source of the narcotics observed at the residence. In other words, these comments were made during the discussion of appellant potentially becoming a confidential informant, and although the words "confidential informant" were not specifically used by the detectives it is clear from the interview this is what a reasonable person would have understood the discussion to mean. There simply is no evidentiary basis for finding that the detectives coerced appellant by making false promises that he would not be prosecuted if he cooperated.

{¶ 20} Finally, the detective's truthful advisements of the possible sentence appellant faced based on the amount of narcotics observed in plain view at the residence and the strength of the evidence against him are not "threats" and do not rise to the level of coercive conduct. *Belton* at ¶ 111; *State v. Bays*, 87 Ohio St.3d 15, 23 (1999) (interrogator may inform suspect of the penalties for the offense of which he is suspected and doing so does not render an otherwise voluntary confession inadmissible.) Therefore, appellant's second assignment of error is overruled.

{¶ 21} In short, the SIU detectives did not use any inherently coercive tactics during appellant's interview.  Further, appellant was orally advised of his *Miranda* rights at the outset of the interview, and he signed a written constitutional rights waiver at its conclusion.  Accordingly, appellant cannot demonstrate that the statements he made during his interview were involuntary. Competent, credible evidence exists in the record to support the trial court's findings of fact and the trial court did not err by denying appellant's motion to suppress.  Accordingly, we overrule both of appellant's assignments of error.

## IV. Disposition

{¶ 22}  Having overruled appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and BRUNNER, JJ., concur.

_____